UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**CRIMINAL NO. 05-10015-PBS**

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) |
| v. | ) ) |
| ELEANOR GOULD, | ) ) |
| Defendant. | ) ) ) |

**DEFENDANT ELEANOR GOULD'S ASSENTED-TO MOTION TO IMPOUND HER EMERGENCY MOTION TO MODIFY THE CONDITIONS OF HER PROBATION**

Pursuant to Local Rule 7.2, Defendant Eleanor Gould respectfully requests that until further order of the Court, the Emergency Motion she intends to file to modify the conditions of her probation be impounded and not be placed unsealed in the public file.  In support of this Motion, Ms. Gould states the following:

1. As the Court will recall, Ms. Gould was a bank teller who was charged with structuring a currency transaction in violation of 31 U.S.C. §5324(a)(3).  Pursuant to a plea agreement, on January 17, 2006, Ms. Gould pleaded guilty to the sole count of the indictment.  The Court followed the recommendation of the Probation Department and Ms. Gould (without formal objection by the government) in finding a total offense level of 4 under the Sentencing Guidelines.

2. On April 25, 2006, the Court sentenced Ms. Gould to one year of probation (the minimum allowable probationary sentence under law), a $1,000 fine and $100 mandatory assessment.

3. Ms. Gould intends to file an Emergency Motion to modify one of the "Standard Conditions of [Probation] Supervision" contained in the Court's "Judgment in a Criminal Case".

4. Ms. Gould's Emergency Motion and an attached letter to the Court from Ms. Gould contains highly personal information about Ms. Gould. Accordingly, Ms. Gould seeks to have the Emergency Motion and its attachments impounded.

5. For the foregoing reasons, Mr. Gould contends that there is "good cause" to impound her Emergency Motion indefinitely, until further order of the court.[1] Ms. Gould does not object to the Emergency Motion being maintained under seal in the court file.[2]

6. The undersigned counsel has spoken with AUSA David Tobin who has authorized the undersigned to report to the Court that he does not object to the instant Motion to Impound.

---

[1] Local Rule 7.2(a) reads, in part: "Whenever a party files a motion to impound, the motion shall contain a statement of the earliest date on which the impounding order may be lifted, or a statement, supported by good cause, that the material should be impounded until further order of the court."

[2] Local Rule 7.2(a) reads in pertinent part that "the motion [to impound] shall contain suggested custody arrangements for the post-impoundment period."

WHEREFORE Defendant Eleanor Gould respectfully requests that until further order of the Court, the Emergency Motion she intends to file to modify the conditions of her probation be impounded and not be placed unsealed in the public file.

Respectfully submitted,

ELEANOR GOULD

By her attorneys,

    /s/ Peter E. Ball
Peter Ball (BBO #546031)
Elizabeth J. Koenig BBO (#647122)
SALLY & FITCH LLP
One Beacon Street
Boston, MA 02108
Ph: (617) 542-5542
Fx: (617) 542-1542

Dated: June 9, 2006

**CERTIFICATION PURSUANT TO LOCAL RULE S 7.1(A)(2) AND 112.1**

I, Peter E. Ball, counsel for Defendant Eleanor Gould, hereby certify that I have conferred with counsel for the government and have resolved the issues raised in this Assented-To Motion.

    /s/ Peter E. Ball
Peter E. Ball

**CERTIFICATE OF SERVICE**

      I, Peter E. Ball, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).  There are no non-registered participants to whom paper copies must be sent.  However, I have this day caused a copy of this document to be e-mailed to U.S.P.O. Lisa Dube in the United States Probation Office for the District of Massachusetts.

                                                        /s/ Peter E. Ball  
                                                        Peter E. Ball

Dated: June 9, 2006